IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAM GRIEGO and
ELIJAH HAUKEREID

    Plaintiffs,

vs.                                                                                          Civil Case No. _____

UNITED STATES OF AMERICA,
and DAVID CHAVEZ,
Individually and in his official capacity
as a Forest Ranger,

    Defendant.

## COMPLAINT FOR FEDERAL TORT CLAIM ACT VIOLATIONS, CIVIL RIGHTS VIOLATIONS PURSUANT TO *BIVENS V. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS*, AND FOR DAMAGES

    Plaintiffs, Adam Griego and Elijah Haukereid, by and through their attorneys Timothy M. Padilla & Associates (Timothy M. Padilla) and Gorence & Oliveros, P.C. (Robert J. Gorence and Louren Oliveros), present their Complaint for Damages against Defendants, United States of America and David Chavez, Individually and in his official capacity as a United States National Forest Ranger, and state as follows:

### JURISDICTION

    1.    This is an action to recover damages and other relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

    2.    The claims arise from the acts and omissions of Forest Ranger David Chavez ("Ranger Chavez") during his confrontation with Plaintiffs Adam Griego ("Griego") and Elijah Haukereid ("Haukereid") near the Cedro Peak Campsite in the Cibola National Forest and

National Grasslands, which is within the federal judicial district designated as the United States District Court for the District of New Mexico.

3.  Plaintiff Griego and Plaintiff Haukereid seek recovery from the Defendants for the conduct of Defendant Ranger Chavez based upon all relevant causes of action as applicable under state and federal law, including all statutory, constitutional, and common law.

4.  With respect to Plaintiff Griego's claim under the Federal Tort Claims Act, on or about May 20, 2015, an administrative claim was timely mailed to the local office of the U.S. Department of Agriculture; Forest Service for the District of New Mexico in Albuquerque, New Mexico. Receipt was confirmed. To date, Plaintiff Griego has received no final disposition of his administrative Tort Claims Notice, and more than six months have passed since the Notice was submitted. Pursuant to 28 U.S.C. § 2675(a), Plaintiff Griego is entitled to file this action.

5.  With respect to Plaintiff Haukereid's claim under the Federal Tort Claims Act, on or about May 20, 2015, an administrative claim was timely mailed to the local office of the U.S. Department of Agriculture; Forest Service for the District of New Mexico in Albuquerque, New Mexico. Receipt was confirmed. To date, Plaintiff Haukereid has received no final disposition of his administrative Tort Claims Notice, and more than six months have passed since the Notice was submitted. Pursuant to 28 U.S.C. § 2675(a), Plaintiff Haukereid is entitled to file this action.

**PARTIES**

6.  At all times material hereto, Plaintiff, Adam Griego, was a resident of the State of New Mexico.

7. At all times material hereto, Plaintiff, Elijah Haukereid, was a resident of the State of New Mexico.

8. At all times material hereto, Defendant, United States of America, is a sovereign entity having the United States National Forest Service as one of its duly authorized agencies within the United States Department of Agriculture.

9. Defendant, United States of America, through its federal agencies is responsible or vicariously liable for the actions of Defendant Ranger Chavez acting in the course and scope of his duties when he confronted and detained Plaintiffs Adam Griego and Elijah Haukereid.

10. At all times material hereto, Defendant Ranger Chavez was an employee of the United States Forest Service, employed as a Forest Ranger and was acting individually and within the course and scope of said employment. This Defendant is named in his official capacity as a United States Forest Ranger and in his individual capacity.

**FACTUAL ALLEGATIONS**

11. On the morning of May 26, 2014, Plaintiff Griego was driving on the main road to a campsite in the Cedro Campsite Area when he was stopped by Ranger Chavez. Ranger Chavez informed Plaintiff Griego that the road was closed and he was not allowed to drive to the campground. Plaintiff Griego responded that there were other campers and vehicles at the campsite because the road closure was not clearly marked and that he would need to travel back up the road to retrieve his belongings, clean up the campground and inform the other campers. Ranger Chavez informed Plaintiff Griego that everything would need to be carried out by hand. Plaintiff Griego then left and found an alternate route to the campsite that did not appear to be closed.

12. Approximately one hour later, after Plaintiff Griego had returned to the campsite and cleaned up, he and the other campers were preparing to leave when two United States Forest Ranger vehicles pulled up to the campsite. Ranger Chavez exited his vehicle and began yelling profanities at Plaintiff Griego. Ranger Chavez asked Plaintiff Griego if he was the person who had been stopped earlier. Plaintiff Griego responded that he was. Before he could explain any further, Ranger Chavez put Plaintiff Griego into a headlock and handcuffed him over the hood of the Forest Service vehicle he had been driving. While handcuffing Plaintiff Griego, Ranger Chavez slammed Plaintiff Griego's head on the hood of the vehicle multiple times.

13. One of the other campers, Plaintiff Haukereid, began to record the interaction with his iPhone, but the recording began after Ranger Chavez had slammed Plaintiff Griego's head onto the hood of the vehicle.

14. Ranger Chavez emptied Plaintiff Griego's pockets and placed him in the Forest Service vehicle. While Ranger Chavez forced Plaintiff Griego into the vehicle, he slammed Plaintiff Griego's head several times against the vehicle. Once Plaintiff Griego was in the vehicle, Ranger Chavez held Plaintiff Griego's head aggressively and continued to utter profanities and insults to him, stating that he was a disgrace to his country after acknowledging that Plaintiff Griego was a U.S. military veteran. Plaintiff Griego had in fact served in Iraq and Afghanistan.

15. Ranger Chavez left Plaintiff Griego in his vehicle for approximately two and a half hours with the windows rolled up, without any air conditioning, and a with a dog continuously barking at Plaintiff Griego through the wire partition separating them. During these

two and half hours, Plaintiff Griego asked Ranger Chavez several times to either roll the windows down or to turn on the air conditioning. Ranger Chavez did neither.

16. During the two and a half hours Plaintiff Griego was in the vehicle, Ranger Chavez questioned the other campers. He placed his hand over his badge while questioning the campers in an apparent attempt to conceal his identity.

17. Ranger Chavez approached Plaintiff Haukereid, clearly agitated that he was filming the incident. Ranger Chavez jerked the iPhone out of Plaintiff Haukereid's hand and the phone fell to the ground; however, the phone continued recording from the ground. Ranger Chavez then yelled at Plaintiff Haukereid to get on the ground or he would set his dog on him. Plaintiff Haukereid complied. Ranger Chavez warned the other campers that they would meet the same fate if they attempted to record the incident.

18. Ranger Chavez took Plaintiff Haukereid's iPhone to his residence to erase the recording, but he could not circumvent the passcode. Plaintiff Haukereid was able to retrieve the iPhone.

## COUNT I
## PLAINTIFF ADAM GRIEGO'S FEDERAL TORT CLAIMS ACT ACTION AGAINST DEFENDANT UNITED STATES OF AMERICA

19. Plaintiffs re-allege, re-aver and incorporate by reference paragraphs 1 through 18, inclusive of this Complaint for Damages, as if set forth fully herein.

20. The Individual Defendant while acting in the scope of his employment as a forest ranger, committed acts and omissions that constitute torts under New Mexico law. Thus, pursuant to the Federal Tort Claims Act, Plaintiff Griego is seeking recovery from Defendant United States of America for the damages resulting from these actions.

21. Defendant Ranger Chavez in his official capacity as a United States Forest Ranger intentionally, recklessly, or negligently assaulted Plaintiff Griego, handcuffing him and slamming his head into his vehicle several times. This amounts to the torts of assault, battery, false imprisonment, abuse of process, violation of federal and state constitutionals rights, recklessness, gross negligence and negligence under New Mexico law.

22. Defendant Ranger Chavez breached his duty to act as a reasonably prudent law enforcement officer when he used excessive force against Plaintiff Griego, detained him without justification, and physically assaulted him when he did not pose a threat. These actions amount to recklessness or gross negligence under New Mexico law.

23. As a direct and proximate result of the intentional, reckless, and negligent acts and omissions of Defendant Ranger Chavez, Plaintiff Griego suffered physical, emotional, and economic damages as well as future medical expenses, pain and suffering, loss of enjoyment of life, and other damages.

## COUNT II
### PLAINTIFF ADAM GRIEGO'S *BIVENS* ACTION AGAINST DEFENDANT DAVID CHAVEZ

24. Plaintiffs re-allege, re-aver and incorporate by reference paragraphs 1 through 23, inclusive of this Complaint for Damages, as if set forth fully herein.

25. The Individual Defendant violated Plaintiff Griego's well-established Constitutional rights, including his right under the Fourth Amendment to be free from unreasonable seizure, his right under the Eighth Amendment to be free from cruel and unusual punishment, his right under the Fifth and Fourteenth Amendments to due process when they unlawfully detained him, handcuffed him, slammed his head into a Forest Service vehicle

repeatedly, forced him to sit handcuffed in a sweltering car with a barking dog for hours, and flung profane and offensive insults at him regarding his military service.

26.     The Individual Defendant violated clearly established Constitutional rights of which a reasonable person would have known. The right to be free from unreasonable searches and seizures has long been a clearly established right as has the right to be free from excessive punishment and physical harm in the absence of due process of law. A reasonable United States Forest Ranger, confronted with the specific facts presented in this case and the law in effect at the time, would have known that his or her conduct violated Plaintiff Griego's Constitutional rights.

27.     These unreasonable, reckless and deliberately indifferent violations of Plaintiff Griego's Constitutional rights directly caused Plaintiff Griego to suffer physical, emotional, and economic damages as well as future medical expenses, pain and suffering, loss of enjoyment of life, and other damages.

### COUNT III
### PLAINTIFF ELIJAH HAUKEREID'S FEDERAL TORT CLAIMS ACT ACTION AGAINST DEFENDANT UNITED STATES OF AMERICA

28.     Plaintiffs re-allege, re-aver and incorporate by reference paragraphs 1 through 27, inclusive of this Complaint for Damages, as if set forth fully herein.

29.     The Individual Defendant, while acting in the scope of his employment as a forest ranger, committed acts and omissions that constitute torts under New Mexico law. Thus, pursuant to the Federal Tort Claims Act, Plaintiff Haukereid is seeking recovery from Defendant United States of America for the damages resulting from these actions.

30.     Defendant Ranger Chavez in his official capacity as a United States Forest Ranger intentionally, recklessly, or negligently assaulted Plaintiff Haukereid, smacked the iPhone from

his hand and forced him to the ground.  This amounts to the torts of assault, battery, false imprisonment, abuse of process, violation of federal and state constitutionals rights, recklessness, gross negligence and negligence under New Mexico law.

31.     Defendant Ranger Chavez breached his duty to act as a reasonably prudent law enforcement officer when he used excessive force against Plaintiff Haukereid, detained him without justification, and physically assaulted him when he did not pose a threat. These actions amount to recklessness or gross negligence under New Mexico law.

32.     As a direct and proximate result of the intentional, reckless, and negligent acts and omissions of Defendants, Plaintiff Haukereid suffered physical, emotional, and economic damages as well as future medical expenses, pain and suffering, loss of enjoyment of life, and other damages.

## COUNT IV
### PLAINTIFF ELIJAH HAUKEREID'S *BIVENS* ACTION AGAINST DEFENDANT DAVID CHAVEZ

33.     Plaintiffs re-allege, re-aver and incorporate by reference paragraphs 1 through 32, inclusive of this Complaint for Damages, as if set forth fully herein.

34.     The Individual Defendant violated Plaintiff Haukereid's well-established Constitutional rights, including his right under the Fourth Amendment to be free from unreasonable seizure, his right under the Eighth Amendment to be free from cruel and unusual punishment, his right under the Fifth and Fourteenth Amendments to due process when they unlawfully detained him, smacked the iPhone out of his hands, and threatened him with a dog attack, and seized his iPhone without a warrant.

35. The Individual Defendant violated clearly established Constitutional rights of which a reasonable person would have known. The right to be free from unreasonable searches and seizures has long been a clearly established right as has the right to be free from excessive punishment and physical harm in the absence of due process of law. A reasonable United States Forest Ranger, confronted with the specific facts presented in this case and the law in effect at the time, would have known that his or her conduct violated Plaintiff Haukereid's Constitutional rights.

36. These unreasonable, reckless and deliberately indifferent violations of Plaintiff Haukereid's Constitutional rights directly caused Plaintiff Haukereid to suffer physical, emotional, and economic damages as well as future medical expenses, pain and suffering, loss of enjoyment of life, and other damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs, Adam Griego and Elijah Haukereid, demand judgment for compensatory and special damages against all Defendants and punitive damages against Defendant David Chavez, in his individual capacity, in an amount sufficient to punish him and to deter future misconduct, for costs, expenses and attorneys' fees, and for such other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all counts so triable.

Respectfully submitted,

*/s/ Louren G. Oliveros*
Louren Oliveros
Robert J. Gorence
Christina Cavaleri
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Phone:  (505) 244-0214
Fax:  (505) 244-0888
Email:  gorence@golaw.us
           oliveros@golaw.us
           cavaleri@golaw.us

and

Timothy M. Padilla
Timothy M. Padilla & Associates, P.C.
1412 Lomas Blvd. NW
Albuquerque, NM  87104
Phone:  (505) 842-0392
Fax:  (505) 842-0686
Email:  tim@lomaslawoffice.com

*Attorneys for Plaintiffs Adam Griego and Elijah Haukereid*