IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAM GRIEGO and
ELIJAH HAUKEREID,

      **Plaintiffs,**

vs.                      Civ. No. 16-475 JCH/SCY

**DAVID CHAVEZ,**
**Individually and in his official**
**Capacity as a Forest Ranger,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' *Unopposed Motion for an Order Directing the United States Department of Veterans Affairs to Allow Its Employees to Testify at Trial* [Doc. 58]. The Plaintiffs seek to compel medical providers from the Department of Veterans Affairs ("the VA") to testify at the upcoming trial of this matter. In the motion, the Plaintiffs ask the Court to evaluate the factors enumerated under 38 C.F.R. § 14.804 and then enter an order directing the VA to allow its employees to testify.

Plaintiffs misapprehend the nature of the regulations codified at 38 C.F.R. § 14.800 et seq. These are internal VA regulations requiring VA officials to determine whether or not to permit VA employees to testify or provide documents. *See, e.g., Solomon v. Nassau County*, 274 F.R.D. 455, 458 (E.D.N.Y. 2011). By its express terms, 28 C.F.R. § 14.804 states that "[i]n deciding whether to authorize . . . the testimony of VA personnel, *VA personnel responsible for making the decision* should consider the following types of factors." (emphasis added). This language makes it clear that any request for such testimony must be submitted to the proper VA

authorities, who are then authorized under the regulation to make that determination—the regulation does not provide for such an application to be made directly to the district court. If such a request is denied by the VA, then the applicant may challenge that decision in federal court. *See, e.g., Solomon*, 274 F.R.D. at 457; *Rhoads v. U.S. Dept. of Veterans Affairs*, 242 F.Supp.3d 985 (E.D. Ca. 2017). Thus, the Court concludes that this motion is premature.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Unopposed Motion for an Order Directing the United States Department of Veterans Affairs to Allow Its Employees to Testify at Trial* [Doc. 58] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**