IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAM GRIEGO and
ELIJAH HAUKEREID,

      **Plaintiffs,**

vs.                 Civ. No. 16-475 JCH/SCY

**DAVID CHAVEZ,**
**Individually and in his official**
**Capacity as a Forest Ranger,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

   This matter is before the Court on the Plaintiffs' *Second Motion for Order Directing the United States Department of Veterans Affairs to Allow Its Employees to Testify at Trial* [Doc. 65]. As before, the Plaintiffs seek to compel medical providers from the Department of Veterans Affairs ("the VA") to testify regarding their damages at the upcoming trial of this matter. For the reasons set forth herein, the Court will deny the motion.

## BACKGROUND

   In the motion, the Plaintiffs state that they have narrowed their rather long list of requested VA medical provider witnesses to just two, Catine Brown and Dr. Heather Wood. According to the motion, in December of 2017 the Plaintiffs served subpoenas on Brown and Wood. On January 3, 2018, Mr. Evan Stein, Acting Deputy Chief Counsel for VA's Office of the General Counsel, requested further information from Plaintiffs regarding their request to have VA employees testify at trial. As this Court noted in an earlier Memorandum Opinion and Order,

the VA must evaluate the factors enumerated under 38 C.F.R. § 14.804 in determining whether to allow its employees to testify.

In response, Plaintiffs provided Stein with two affidavits. The affidavits are not attached to the motion and Plaintiffs' motion does not set forth the contents of those affidavits. According to Plaintiffs, on January 9, 2018, Stein informed Plaintiffs that their reasons for calling Brown and Wood were insufficient under 38 C.F.R. § 14.804. Plaintiffs' counsel called and emailed Stein to discuss the matter further, but received no response. Arguing that the factors enumerated under 38 C.F.R. § 14.804 have been satisfied in this case, Plaintiffs now ask the Court to order the VA to produce Brown and Wood to testify in person at trial.

## **ANALYSIS**

The regulations codified at 38 C.F.R. § 14.800 et seq. are internal VA regulations requiring VA officials to determine whether or not to permit VA employees to testify or provide documents. *See, e.g., Solomon v. Nassau County*, 274 F.R.D. 455, 458 (E.D.N.Y. 2011). By its express terms, 28 C.F.R. § 14.804 states that "[i]n deciding whether to authorize . . . the testimony of VA personnel, *VA personnel responsible for making the decision* should consider the following types of factors." (emphasis added). If such a request is denied by the VA, then the applicant may challenge that decision in federal court. *See, e.g., Solomon*, 274 F.R.D. at 457; *Rhoads v. U.S. Dept. of Veterans Affairs*, 242 F. Supp. 3d 985 (E.D. Ca. 2017).

"To obtain information from a federal agency, a party 'must file a request pursuant to the agency's regulations, and may seek judicial review only under the [Administrative Procedures Act].'" *Cabral v. U.S. Dept. of Justice*, 587 F.3d 13, 22-23 (1st Cir. 2009) (quoting *Commonwealth of Puerto Rico v. U.S.*, 490 F.3d 50, 61 n. 6 (1st Cir. 2007). Under the APA, a reviewing court may overturn an agency's decision to deny disclosure only if the decision is

found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Copar Pumice Co. v. Tidwell*, 603 F.3d 780, 793 (10th Cir. 2010). Here, Plaintiffs have not sought review under the APA, they have not set forth any record upon which this Court can review the agency decision at issue, and the VA has not had the opportunity to defend its administrative decision in court. The relief that Plaintiffs seek solely upon their slender motion alone —an order requiring the VA to produce its employees to testify—is simply unavailable to them as presented here.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Second Motion for Order Directing the United States Department of Veterans Affairs to Allow Its Employees to Testify at Trial* [Doc. 65] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**