IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAM GRIEGO and
ELIJAH HAUKEREID

    Plaintiffs,

vs.                                                             Civ. No. 16-475 JCH/SCY

UNITED STATES OF AMERICA,
and DAVID CHAVEZ,
Individually and in his official capacity
as a Forest Ranger,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Plaintiffs' Unopposed Motion and Memorandum for Attorneys' Fees* [Doc. 77]. The motion is unopposed because Defendant David Chavez ("Chavez") has never appeared in this case and Plaintiffs have obtained a default judgment against him. After a bench trial on damages, this Court entered Findings of Fact and Conclusions of Law [Doc. 73] concluding that Plaintiffs were entitled to compensatory and punitive damages against Chavez, as well as a Final Judgment [Doc. 74]. The issue before the Court now is the reasonable fee to be awarded to Plaintiffs' counsel.

## LEGAL STANDARD

To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-65 (1986); *Cooper v. Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990). The lodestar calculation is the product of the number of attorney hours "reasonably

expended" and a "reasonable hourly rate." *See Hensley*, 461 U.S. at 433; *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). The setting of a reasonable hourly rate is within the district court's discretion. *Carter v. Sedgwick County*, 36 F.3d 952, 956 (10th Cir. 1994). Hourly rates must reflect the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. at 895, 104 S.Ct. at 1547. Unless the subject of the litigation is "so unusual or requires such special skills" that only an out-of-state lawyer possesses, "the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). *See also Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006). If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998). A district judge may consider his or her "own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994) (internal quotation marks omitted).

## **DISCUSSION**

First, the Court concludes that it has authority to grant attorney's fees to Plaintiffs under 28 U.S.C. § 2412(b), which states: "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."

Chavez, an officer of the United States Forest Service, was acting in his official capacity at the time of the events set forth in this Court's *Findings of Fact and Conclusions of Law* [Doc. 73]. In addition, the Plaintiffs are the prevailing parties in this lawsuit, having obtained a default judgment on the merits as well as a money judgment against Chavez. Thus, an award of reasonable fees and expenses is appropriate under Section 2412(b).

Therefore, the Court must determine whether the fees Plaintiffs are requesting are reasonable under the circumstances of the case. A review of the docket in this case shows that while Defendant Chavez never answered or otherwise appeared, the United States did file an answer and serve written discovery on Plaintiffs, to which they responded. The Plaintiffs also prepared expert witness disclosures. Conversely, the Plaintiffs served written discovery requests upon the United States. If Plaintiffs conducted any depositions, there is no evidence of it before the Court. With regard to motion practice, Plaintiffs filed a motion to voluntarily dismiss two counts of their complaint, a motion for default judgment against Chavez, two motions asking the Court to direct the Department of Veterans Affairs to permit its employees to testify, and motions to extend the discovery deadlines. Counsel for Plaintiffs attended status conferences before both the undersigned district judge as well as the magistrate judge and prepared a proposed Pretrial Order.

On January 22, 2018, the Court held a half-day bench trial on the issues of Defendant Chavez's liability and Plaintiffs' damages. Again, Chavez did not appear. Plaintiffs' counsel prepared their witnesses and exhibits for the trial. They also prepared two versions of their proposed findings of fact and conclusions of law. After the Court entered its final judgment, Plaintiffs filed the motion for attorney's fees that is the subject of this Memorandum Opinion and Order, as well as a motion for bill of costs and an application for writ of execution.

Plaintiffs are requesting $74,946.50 in attorney fees, $2,452.50 in paralegal fees, and $5,417.92 in gross receipts tax (at the rate of 7%) for a total of $82,816.92 in fees and tax. The lion's share of this total comes from attorney Louren Oliveros, who requests reimbursement for 133.6 hours of work at the rate of $425 per hour. Attorney Timothy Padilla requests reimbursement for 27.9 hours at $350 per hour, attorney Bill Tinker for 6.7 hours at $250 per hour, and attorney Amye Green for 29.9 hours at $225 per hour. Paralegals Terence Apache and Melody Tilson request 26 and 6.7 hours respectively, both at the rate of $75 per hour.

In support of their request for attorney's fees, Plaintiffs have provided the Court with the affidavits of attorneys Louren Oliveros, Timothy Padilla, and Amye Green [Docs. 77-1, 77-2, and 77-3], in which they set forth their education and experience. Plaintiffs also included an affidavit by Albuquerque attorney Paul J. Kennedy [Doc. 77-4] in which he opines that Ms. Oliveros is entitled to recover an hourly rate of "at least $375 to $425 per hour," *id*. at ¶ 11, that the rate of $350 per hour requested by Mr. Padilla "is fair and reasonable," *id*. at ¶ 14, and that Ms. Green is "entitled to recover . . . at least $225 to $235 per hour." *Id*. at ¶ 15. Similarly, Plaintiffs provided an affidavit from Albuquerque attorney Joseph P. Kennedy, who also opines that Ms. Oliveros is entitled to recover attorney's fees "in the amount of at least $375 to $425 per hour." [Doc. 77-5 at ¶ 7]. Finally, Plaintiffs have attached time sheets for Ms. Green, Ms. Oliveros, Mr. Apache, and Ms. Tilson [Doc. 77-6], as well as for Mr. Tinker and Mr. Padilla. [Doc. 77-7].

After reviewing these documents, the Court concludes that the requests for fees submitted by Mr. Padilla, Ms. Green, Mr. Apache, and Ms. Tilson are fair and reasonable. However, the Court concludes that it must make adjustments to the fees requested on behalf of Ms. Oliveros and Mr. Tinker.

First, with regard to Mr. Tinker, the Court is without sufficient information to award Plaintiffs fees for his work. Plaintiffs have provided the Court with no information about Mr. Tinker's education, experience, or work history from which it could concluded that $250 is a reasonable hourly rate. It is unclear from the record what Mr. Tinker's professional relationship was with Mr. Padilla. However, in his affidavit Mr. Padilla states that he "estimated" both the hours spent by Mr. Tinker (who passed away in 2014) as well as Mr. Tinker's hourly rate. Doc. 77-2 at ¶ 6. Mr. Padilla provides no factual basis for his estimates. Due to the dearth of information provided, the Court will not award fees for Mr. Tinker.

With regard to Ms. Oliveros, the Court concludes that the total number of hours expended (133.6) is reasonable, as she performed the majority of the work in the case. However, the Court concludes that the hourly rate of $425 per hour for Ms. Oliveros is excessive. First, in her affidavit, Ms. Oliveros lists attorney fee awards she has received in other cases; none of these exceed $350 per hour. Second, while Ms. Oliveros is an experienced lawyer in both civil and criminal matters, she has been in practice since 2001. In contrast, according to the affidavit of her co-counsel, Mr. Padilla, he has practiced law since 1975. He too has experience as lead counsel in a large number of civil rights and criminal defense matters; however, his hourly rate is $350 per hour, which the Court finds to be reasonable for a New Mexico lawyer of his experience. Plaintiffs have presented no information that would justify awarding Ms. Oliveros an hourly rate substantially above that awarded to Mr. Padilla. Rather, the Court concludes that for an attorney with roughly 17 years of experience, such as Ms. Oliveros, an hourly rate of $350 is fair and reasonable.

In light of the foregoing, the Court will award fees and expenses as follows.

Ms. Oliveros:     133.6 hours x $350/hour =     $46,760.00

| | | |
|---|---|---|
| Mr. Padilla: | 27.9 hours x $350/hour = | $ 9,765.00 |
| Ms. Green: | 29.9 hours x $225/hour = | $ 6,727.50 |
| Mr. Apache: | 26 hours x $75/hr = | $ 1,950.00 |
| Ms. Tilson: | 6.7 hours x $75/hr = | $ 502.50 |
| Subtotal: | | $65,705.00 |
| Gross Receipts Tax (7%): | | $ 4,599.35 |
| **Total:** | | **$70,304.35** |

**IT IS THEREFORE ORDERED** that *Plaintiffs' Unopposed Motion and Memorandum for Attorneys' Fees* [Doc. 77] is **GRANTED IN PART**, and Plaintiffs are awarded attorney's fees in the amount of $70,304.35.

_____
**UNITED STATES DISTRICT JUDGE**